**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

KENNY COFFEY                                                                                              PLAINTIFF
ADC #86434

v.                                              2:11-cv-00172-BSM-JJV

RAY HOBBS, Director, Arkansas
Department of Correction; *et al.*                                                            DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS
INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

      1.     Why the record made before the Magistrate Judge is inadequate.

      2.     Why the evidence to be proffered at the new hearing (if such a hearing is

granted) was not offered at the hearing before the Magistrate Judge.

      3.    The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Kenny Coffey is an inmate at the Arkansas Department of Correction (ADC) North Central Unit. He filed the instant Complaint *pro se* in accordance with 42 U.S.C. § 1983. (Doc. No. 2.) He alleges that while at the East Arkansas Regional Unit (EARU), the Corizon (formerly known as Correctional Medical Services) staff were deliberately indifferent to his serious medical needs. (*Id.*) After careful review, the Court finds that Plaintiff's Complaint should be DISMISSED for failure to state a claim upon which relief may be granted.

**I.    SCREENING**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28

U.S.C. § 1915(e)(2)(B).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). In reviewing a *pro se* complaint under § 1915(e)(2)(B), the court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court must also weight all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But regardless of whether a plaintiff is represented or appearing *pro se*, his "complaint must contain specific facts supporting its conclusions." *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *See id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief. *Id.* at 557.

**II.   ANALYSIS**

Title 42 of the United States Code, section 1983, allows an individual to bring suit

against persons who, under color of state law, have caused him to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983 (1996). Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted). In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

According to his Complaint, Plaintiff suffers from high blood pressure and degenerative arthritis. (Doc. No. 2.) He also has heart problems, hepatitis C, and needs knee surgery. (*Id.*) Because of his many ailments, he is considered a chronic care patient. (*Id.*) He alleges that the CMS medical staff at EARU were deliberately indifferent to his medical needs. (*Id.*) He names ADC Director Ray Hobbs, ADC Deputy Director of Health Services Wendy Kelly, EARU Infirmary Administrator Strickland, and Nursing Director Sledge as Defendants in this matter.

A careful review of Plaintiff's Complaint reveals he seeks to hold the Defendants liable for their role as supervisors. Plaintiff states, "This staff is so negligent with care that it constitutes cruel and unusual punishment. . . Ms. Kelley Deputy Director of Heath Services is fully aware of these pathetic actions, the deliberate indifference, the gross negligence and failure to perform their job dut[ies] by Corizon. . . ." (Doc. No. 2 at 6.) He further states, "I

have talked to Nurse Sledge and Ms. Strickland who both assured me that it would stop, but as can you see in over a year's time it hasn't. . . ." (*Id.*) The Complaint makes no mention of Director Hobbs.

In a § 1983 cause of action, an official can only be held liable for his own conduct and cannot be held liable for the misconduct of his subordinates under a theory of respondeat superior liability. *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010); *Whitson v. Stone Cnty Jail*, 602 F.3d 920, 928 (8th Cir. 2010). A supervisor may, however, be held liable for failing to adequately train or supervise a subordinate. *Tilson v. Forrest City Police Dep't*, 28 F.3d 802, 806 (8th Cir. 1994). Plaintiff does not allege that the Defendants were directly involved in the alleged violation of his constitutional rights or that they failed to adequately train or supervise the CMS medical staff. Because he has not alleged action or inaction on the part of an identifiable responsible party, Plaintiff fails to state a claim upon which relief may be granted. Additionally, Plaintiff has made allegations of negligence and gross negligence in his Complaint. (Doc. No. 2.) These allegations do not rise to the level of a constitutional violation. *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 499 (8th Cir. 2008) (internal quotation marks and citations omitted) (stating that "[d]eliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct.")

While the Court is sympathetic to Plaintiff's claims, these Defendants cannot be held liable for these allegations. So his Complaint (Doc. No. 2) should be DISMISSED for failure to state a claim upon which relief may be granted.

**IV. CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 2) should be DISMISSED for failure to state a claim upon which relief may be granted.

2. Dismissal of Plaintiff's Complaint should constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3. The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an order adopting this recommendation and an accompanying judgment would not be taken in good faith.

4. All pending motions should be DENIED as moot.

DATED this 2nd day of August, 2012.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] The PLRA provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...." *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 462-64 (5th Cir. 1998), where the court held that dismissal of a 42 U.S.C. Section 1983 action in part as frivolous, and in part for failure to exhaust state court remedies as a habeas claim, should count as a strike within the meaning of Section 1915(g).